IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROSA WIGMORE, | CV 05-526-HA |
|            Plaintiff, | OPINION AND ORDER |
|     v. | |
| TRI-COUNTY METROPOLITAN TRANSPORTATION DISTRICT OF OREGON, dba TriMet, a municipal corporation, and TIMOTHY SHUEY, an individual, | |
|            Defendants. | |

HAGGERTY, Chief Judge:

Plaintiff brought this action in the Circuit Court of the State of Oregon for the County of Multnomah on March 30, 2005, alleging claims under 42 U.S.C. §§ 1983 and 1981, as well as state law claims of elder abuse, negligence, and assault and battery. Defendant Tri-County Metropolitan Transportation District (TriMet) removed the action to this court pursuant to 28 U.S.C. §§ 1331 and 1441(b). Now before the court is plaintiff's Motion to Remand (Doc. #7). For the reasons provided below, plaintiff's motion is denied.

**<u>DISCUSSION</u>**

Service upon defendant Timothy Shuey (Shuey) was effectuated by substituted service upon his attorney, Peter Chamberlain, on March 31, 2005. Pl.'s Mem. of Law in

1 – OPINION AND ORDER

Supp. of Mot. for Remand at 1-2. Service upon TriMet was also effectuated on March 31, 2005. Notice of Removal of Action at 2 (Notice of Removal).

On April 14, 2005, TriMet filed a Notice of Removal of all of plaintiff's claims pursuant to 28 U.S.C. § 1331 (providing federal question jurisdiction), 42 U.S.C. § 1441(b) (providing for removal of actions based on federal question), and 28 U.S.C. § 1441(c) (providing for removal of state law claims based on supplemental jurisdiction). Shuey did not formally join TriMet in the Notice of Removal; however the Notice of Removal stated that "All defendants join in removal of this action to federal court." Notice of Removal at 2. This has been confirmed by Shuey's counsel. *See* Aff. of Peter R. Chamberlain at 2.

On April 29, 2005, Shuey filed an Answer and Affirmative Defenses in this court. On May 3, 2005, thirty-three days after service was effectuated upon Shuey, Shuey filed a Consent to Removal with this court. Plaintiff argues that the notice of removal is defective because Shuey failed to join in TriMet's Notice of Removal and failed to file his consent within the statutory period.

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. 1446(b). Under Section 1446, all proper defendants must join or consent to the removal notice. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998). Where one or more defendants fails to join a removal action, the removing party bears the burden to explain affirmatively the absence of the co-defendant in the notice for removal. *Id.*

The Ninth Circuit strictly construes the removal statute. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). As a result, "the defendant always has the

2 – OPINION AND ORDER

burden of establishing that removal is proper." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992); *accord Fung v. Abex Corp.,* 816 F. Supp. 569, 571 (N.D. Cal. 1992) (noting that the party who removed the action has the burden of "proving the propriety of removal" upon a motion for remand) (internal citations omitted).

Here, Shuey had agreed to removal and the Notice of Removal accurately stated this fact. Therefore, the court finds that defendants have met their burden to show that removal is proper. Accordingly, plaintiff's motion is denied.

## **CONCLUSION**

For the aforementioned reasons, plaintiff's Motion to Remand (Doc. #7) is DENIED.

IT IS SO ORDERED.

DATED this   23   day of June, 2005.

                                                /s/ Ancer L. Haggerty  
                                              ANCER L. HAGGERTY  
                                              United States District Judge